JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. SACV 16-993-JLS (DFMx)            Date: August 18, 2016
Title: Tenecia Hastie v. Home Depot U.S.A., Inc. et al.

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

  Terry Guerrero                                 N/A
  Deputy Clerk                               Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:     ATTORNEYS PRESENT FOR DEFENDANT:

Not Present                                Not Present

**PROCEEDINGS:**    (IN CHAMBERS) ORDER GRANTING PLAINTIFF'S MOTION FOR REMAND (Doc. 11)

    Before the Court is Plaintiff Tenecia Hastie's motion to remand.[1] (Mot., Doc. 11.) Defendants Home Depot U.S.A., Inc. and Steven Mousseau oppose the Motion. (Opp., Doc. 17.) Hastie replied. (Reply, Doc. 18.) The Court finds this matter appropriate for disposition without oral argument. *See* Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15. Accordingly, the hearing on this Motion scheduled for August 19, 2016 at 2:30 p.m. is VACATED. For the reasons stated below, the Court GRANTS Hastie's Motion. This case (Case No. 30-2016-00847886-CU-WT-CJC) is REMANDED to Orange County Superior Court.

**I.   BACKGROUND**

    Hastie's Complaint contains the following allegations:

    Hastie's employment with Home Depot began on or about March 23, 2012. (Complaint ¶ 18, Doc. 1.) Hastie was initially hired as a cashier, but was soon promoted

---

[1] Hastie's Motion is titled "Motion to Remand and for Attorneys' Fees and Costs." However, nowhere in the Motion does Hastie actually request fees or costs, or explain why such a recovery is warranted. (*See generally* Mot.) For comparison, Hastie's Reply brief is entitled simply "Reply In Support of Motion to Remand." Accordingly, the Court deems any purported request for fees or costs to be waived.

**CIVIL MINUTES – GENERAL**         1

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. SACV 16-993-JLS (DFMx)                                  Date: August 18, 2016
Title: Tenecia Hastie v. Home Depot U.S.A., Inc. et al.

to work in the Special Service Department as a Special Services Associate. (*Id.*) According to the Complaint, Hastie "was an exemplary employee, and received many awards, accolades, and raises at Home Depot." (*Id.*) Throughout most of her employment with Home Depot, Hastie's direct supervisor was Mousseau. (*Id.* ¶ 19.)

Hastie suffers from Crohn's disease. (*Id.* ¶ 21.) During the summer of 2013, her health started to decline. (*Id.*) Eventually, in October of 2013, Hastie's health issues caused her to miss several days of work. (*Id.*) Thereafter, from October 7, 2013 to January 3, 2014, Hastie's health care provider placed her on a medical leave of absence. (*Id.* ¶ 22.) During her absence, "the Department Head of the Special Service Desk published to other employees false, unsubstantiated statements about [Hastie] that harmed her professional reputation, including that [Hastie] should not be trusted, was a 'backstabber,' and would 'throw you under the bus.'" (*Id.*) Although Hastie reported these statements, Mousseau allegedly "downplayed and dismissed [Hastie's] concerns and walked away." (*Id.*)

On or around January 7, 2014, Hastie returned to work following her leave. (*Id.* ¶ 23.) Upon her return, Hastie submitted the requisite paperwork to request certain disability accommodations, including a part-time work week, light duty, no prolonged standing, and no lifting of more than twenty pounds. (*Id.*) According to the Complaint, Hastie's request for these accommodations "triggered a series of discriminatory, retaliatory, and harassing actions" by Home Depot and its management, including Mousseau. (*Id.* ¶ 25.) Specifically, Hastie alleges that she was not placed in the "Department Head classes," that she was unfairly reprimanded for her tardiness, that she was more frequently assigned to night shifts, and that she was threatened with termination for purportedly clocking-in despite being off the floor and away from her desk. (*Id.* ¶¶ 26-29.) In response to these actions, Hastie complained to Angela Adams, Home Depot's assistant store manager. (*Id.* ¶ 30.) Nevertheless, the harassment purportedly escalated until Hastie was terminated on June 11, 2014, effective the following day. (*Id.* ¶ 38.)

As set forth in her Complaint, on June 4, 2015, Hastie filed an employment discrimination complaint with the California Department of Fair Employment & Housing. (*Id.* ¶ 17; *see also* Terry Decl., Ex. B, "First DFEH Complaint," Doc. 17-1.) Hastie's First DFEH Complaint named only Home Depot and alleged that she was

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. SACV 16-993-JLS (DFMx)                                         Date: August 18, 2016
Title: Tenecia Hastie v. Home Depot U.S.A., Inc. et al.

discriminated against as a result of her disability. (First DFEH Complaint at 2.) After Hastie filed the First DFEH Complaint, Home Depot was apprised of the allegations and sent a letter to the DFEH expressing its intent to "conduct[] an investigation into the allegations of discriminatory treatment." (Odell Decl., Ex. C, "DFEH-Home Depot Correspondence," Doc. 11-1.) As part of Home Depot's correspondence with the DFEH, Home Depot submitted a "position statement" to the DFEH dated November 2, 2015. (Odell Decl., Ex. D, "Home Depot Position Statement," Doc. 11-1.) In relevant part, Home Depot's Position Statement repeatedly referenced Mousseau's involvement in the events leading to Hastie's termination. (Home Depot Position Statement at 6-7.)

The DFEH issued a right-to-sue notice on November 23, 2015. (Terry Decl., Ex. C, "Right-to-Sue Letter," Doc. 17-1.) Hastie twice amended the DFEH complaint, once on February 23, 2016 and again on April 10, 2016. (Complaint ¶ 17; *see also* Terry Decl., Ex. D, "Second DFEH Complaint," Doc. 17-1; Odell Decl., Ex. E, "Third DFEH Complaint," Doc. 11-1.) The Second DFEH Complaint likewise named only Home Depot as a defendant, but added certain additional claims. (Second DFEH Complaint at 2.) The Third DFEH Complaint for the first time named Mousseau as a co-defendant. (Third DFEH Complaint at 2.)

On April 21, 2016, Hastie initiated the instant action against Defendants in Orange County Superior Court. (Notice of Removal, Ex. A, "Complaint," Doc. 1-1.) In her Complaint, Hastie alleges nine causes of action against Defendants, each of which stems from Defendants' purported discrimination and retaliation against Hastie in connection with her claimed disability, i.e., the effects of Crohn's disease. (Complaint ¶¶ 21, 40-154.) Additionally, Hastie also asserts that she is a resident of California. (*Id.* ¶ 1.) She further alleges, on information and belief, that Home Depot was incorporated in California, has its principal place of business in Orange, California, and is headquartered in Georgia. (*Id.* ¶ 2.) Finally, Hastie alleges that Mousseau is a resident of California. (*Id.* ¶ 3.)

On May 27, 2016, Defendants removed the action to this Court. (Notice of Removal, Doc. 1.) Defendants' removal was premised on diversity jurisdiction. (*Id.* ¶ 8.) Contrary to Hastie's allegations, Defendants assert that "Home Depot was incorporated in the State of Delaware[,]" and "at all relevant times . . . Home Depot's principal place of business is Atlanta, Georgia[.]" (*Id.* ¶ 10.) Therefore, Defendants represent that Home

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. SACV 16-993-JLS (DFMx)                          Date: August 18, 2016
Title: Tenecia Hastie v. Home Depot U.S.A., Inc. et al.

Depot's states of citizenship are Delaware and Georgia, respectively, and do not include California. (*Id.*) Additionally, although Defendants do not dispute that Mousseau is a citizen of California, they argue that "his citizenship is irrelevant for purposes of diversity jurisdiction because he is a 'sham' defendant[.]" (*Id.* ¶ 12.) Therefore, according to Defendants, "the Court should disregard his citizenship for purposes of determining jurisdiction." (*Id.* ¶ 18.)

## II. LEGAL STANDARD

### A. Fraudulent Joinder

"Fraudulent joinder . . . is a term of art." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). "Joinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence ignored for purposes of determining diversity, 'if the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state.'" *Id.* (quoting *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987)). Moreover, the doctrine of "fraudulent joinder" marks an exception to the general rule that courts will "look only to a plaintiff's pleadings to determine removability." *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998). "Where fraudulent joinder is at issue, [the court] will go somewhat further[,]" such that "[t]he defendant seeking removal to federal court is entitled to present the facts showing the joinder to be fraudulent." *Id.* Nevertheless, in the Ninth Circuit, "a non-diverse defendant is deemed to be fraudulently joined if, after all disputed questions of fact and all ambiguities in the controlling state law are resolved in plaintiff's favor, the plaintiff could not *possibly* recover against the party whose joinder is questioned." *Cervantes v. Wells Fargo Bank, N.A.*, No. EDCV 15-178-JLS (DTBx), 2015 WL 2127215, at *3 (C.D. Cal. May 6, 2015) (emphasis in original) (citing *Mireles v. Wells Fargo Bank, N.A.*, 845 F. Supp. 2d 1034, 1062 (C.D. Cal. 2012)).

### B. FEHA Administrative Exhaustion

**CIVIL MINUTES – GENERAL**         4

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. SACV 16-993-JLS (DFMx)                                  Date: August 18, 2016
Title: Tenecia Hastie v. Home Depot U.S.A., Inc. et al.

"In order to bring a civil action under FEHA, the aggrieved person must exhaust the administrative remedies provided by law." *Rodriguez v. Airborne Express*, 265 F.3d 890, 896 (9th Cir. 2001) (quoting *Yurick v. Superior Court*, 209 Cal. App. 3d 1116, 1121 (1989)). "Exhaustion in this context requires filing a written charge with DFEH within one year of the alleged unlawful employment discrimination, and obtaining notice from DFEH of the right to sue." *Id.* (citation omitted). FEHA's procedural requirements "are to be construed liberally for the accomplishment of the purposes of FEHA[,]" which includes "the elimination of employment discrimination." *Id.* (internal quotations and citation omitted).

## III.  DISCUSSION

In the Notice of Removal, Defendants contend Mousseau was fraudulently joined because Hastie "failed to exhaust her administrative remedies as to Mousseau." (Notice of Removal ¶ 13.) In short, Defendants argue that Hastie was terminated on or about June 13, 2014. (*Id.* ¶ 15.) Therefore, according to Defendants, Hastie was required to – consistent with FEHA's administrative exhaustion requirements – file her DFEH complaint no later than June 13, 2015. (*Id.*) And, while Hastie's First DFEH Complaint was filed by this date, she did not allege harassment or name Mousseau as a defendant until her amended DFEH complaints, which were filed on February 23, 2016 and April 10, 2016, respectively. (*Id.* ¶¶ 14-16.) Therefore, Defendants contend, Hastie "failed to timely exhaust her administrative remedies as to Mousseau, and he therefore is not a valid defendant in this Action and joinder of Mousseau as a defendant is fraudulent." (*Id.* ¶ 16.)

In the instant Motion, Hastie argues that Home Depot's removal was improper because Defendants cannot carry their "'heavy burden' to show that [Mousseau] was fraudulently joined[.]" (Mot. at 1.) Specifically, according to Hastie, Defendants cannot prove that "there is absolutely no possibility that [Hastie] will be able to establish a cause of action against the in-state defendant in state court, or that there has been outright fraud in [Hastie's] pleadings of jurisdictional facts." (*Id.* (quoting *Davis v. Prentiss Properties Limited*, 66 F. Supp. 2d 1112, 1113 (C.D. Cal. 1999).) Hastie contends that "the Complaint pleads one valid cause of action – FEHA disability harassment – which

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. SACV 16-993-JLS (DFMx)                    Date: August 18, 2016
Title: Tenecia Hastie v. Home Depot U.S.A., Inc. et al.

prevents removal." (*Id.*) And, without disputing the timing of her DFEH complaint and the subsequent amendments, Hastie argues that she has satisfied at least one, if not several, of the "equitable exceptions to the exhaustion requirement which allow for prosecution of individuals (and of claims) that are not identified in [Hastie's] DFEH charge." (*Id.* at 14.)

### A. Statutes of Limitations & Fraudulent Joinder

      First, the Court must determine whether Defendants' administrative exhaustion argument is properly considered in the narrow context of fraudulent joinder. That is, the Ninth Circuit applies the fraudulent joinder doctrine only in cases wherein there is a question as to whether "the plaintiff truly had a cause of action against the alleged sham defendants." *Ritchie*, 139 F.3d at 1318. Significantly, these cases do "not key on an inquiry as to whether those defendants could propound defenses to an otherwise valid cause of action." *Id.*
      However, in *Ritchie*, 139 F.3d 1313 (9th Cir. 1998), the Ninth Circuit reasoned that although "the statute of limitations is a defense," it is "a rather unique one . . . that does not truly go to the merits of the plaintiff's claim in any sense." *Ritchie*, 139 F.3d at 1319. For example, a limitations defense "does not assert some excuse or justification for what the defendant is alleged to have done" and, "[i]t does not even deny the wrong or claim contributory fault or set off." *Id.* In fact, the Ninth Circuit concluded, "[the defense] virtually admits the validity of the cause of action and the plaintiff's right to collect upon it, but asserts that the plaintiff waited too long to pursue the cause of action." *Id.* Moreover, "California has emphasized the fact that the statute of limitations is a kind of procedural bar, and not one which relates to the merits of the case." *Id.* In light of these factors, the Ninth Circuit held that a defendant could be "fraudulently joined" if a plaintiff's claims against him were barred by the operative statute of limitations. *Id.*
      Following the Ninth Circuit, then, the Court concludes that Defendants' argument is of the sort properly considered in the context of Defendants' fraudulent joinder argument. *See also Graybill-Bundgard v. Standard Ins. Co.*, 793 F. Supp. 2d 1117, 1120-21 (N.D. Cal. 2011) ("Statute of limitations and failure to exhaust arguments are considered in evaluating whether a defendant was fraudulently joined to destroy

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. SACV 16-993-JLS (DFMx)                                              Date: August 18, 2016
Title: Tenecia Hastie v. Home Depot U.S.A., Inc. et al.

diversity."); *Rodriguez*, 265 F.3d at 900 ("The administrative time limits prescribed by FEHA are treated as equivalent to statutes of limitations and are subject to equitable doctrines such as waiver, estoppel, and tolling."). Accordingly, the Court will consider whether Hastie "fails to state a cause of action" against Mousseau, and, if so, whether this failure "is obvious according to the settled rules of the state." *Morris*, 236 F.3d at 1067.

### B. Equitable Exceptions

In her Motion, Hastie sets forth several arguments as to why her claims against Mousseau are viable, notwithstanding the fact that she failed to name Mousseau in a DFEH complaint until twenty-two months after her employment was terminated. First, Hastie contends that "under both California and Federal precedent, even if not named as the offending party in the original DFEH charge, an individual can still be subject to suit under the FEHA if they are sufficiently described in the complaint as the perpetrator of the discriminatory acts such that a reasonable investigation by the DFEH would have put that defendant *on notice* of the charges." (Mot. at 14 (emphasis in original).) Second, Hastie argues that "[a] civil action for violation of the FEHA that is *not* enumerated in the DFEH charge is still permitted under the equitable exception as long as it is limited to matters 'like or related to' (i.e., relates back to) the facts and matters alleged [in the] [sic] DFEH complaint." (*Id.* at 19 (citation omitted).) Finally, even if these arguments prove unpersuasive, Hastie asserts that consideration of the relevant public policy factors strongly favors remanding this action back to state court. (Mot. at 22-24.)

As an initial matter, it is well-established that "California courts consistently look to Title VII for guidance in interpreting FEHA." *Kohler v. Inter-Tel Technologies*, 244 F.3d 1167, 1172 (9th Cir. 2001). In accordance with this principle, courts in the Ninth Circuit have looked to federal caselaw in the Title VII context when considering the applicability of equitable exceptions to FEHA's administrative exhaustion requirement. *See, e.g.*, *Tapia v. Artistree, Inc.*, No. CV 14-01381 DDP ASX, 2014 WL 3724074, at *2-3 (C.D. Cal. July 25, 2014) ("California courts have relied on interpretations of Title VII to construe FEHA's administrative exhaustion requirement and to determine that § 12960 requires that defendants be named in the DFEH charge." (citation omitted)); *Tumblin v. USA Waste of California, Inc.*, No. CV162902 DSF PLAx, 2016 WL 3922044, at *3

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. SACV 16-993-JLS (DFMx)                          Date: August 18, 2016
Title: Tenecia Hastie v. Home Depot U.S.A., Inc. et al.

(C.D. Cal. July 20, 2016) (citing *Tapia* and applying Ninth Circuit Title VII / EEOC caselaw to determine whether plaintiff satisfied FEHA administrative exhaustion requirement); *Corkill v. Preferred Employers Grp., LLC*, No. 11CV505-IEG WMC, 2011 WL 5975678, at *9 (S.D. Cal. Nov. 28, 2011) ("[T]he exception from Sosa should be applied to FEHA's administrative exhaustion requirement, specifically California Government Code § 12960(b).").[2]

     In the Title VII context, the Ninth Circuit has identified several equitable exceptions to the administrative exhaustion requirement. For example, "charges can be brought against persons not named in an E.E.O.C. complaint as long as they were involved in the acts giving rise to the E.E.O.C. claims." *Sosa v. Hiraoka*, 920 F.3d 1451, 1458-59 (9th Cir. 1990). Additionally, "where the EEOC or defendants themselves 'should have anticipated' that the claimant would name those defendants in a Title VII suit, the court has jurisdiction over those defendants even though they were not named in the EEOC charge." *Id.* (citing to *Chung v. Pomona Valley Comm. Hosp.*, 667 F.2d 788, 792 (9th Cir. 1982)). Finally, the Ninth Circuit in *Sosa* identified "[t]hree other well-established 'exceptions'" – namely: (1) "if the respondent named in the EEOC charge is a principal or agent of the unnamed party, or if they are 'substantially identical parties,'" (2) "if the EEOC could have inferred that the unnamed party violated Title VII," and (3) "if the unnamed party had notice of the EEOC conciliation efforts and participated in the EEOC proceedings[.]" *Id.* at 1459.

---

    [2] In their Opposition brief, Defendants rely heavily on *Valdez v. City of Los Angeles*, 231 Cal. App. 3d 1043, 1060 (1991), wherein a California Court of Appeals barred claims against individuals or entities not named in the administrative complaint. (Opp. at 9.) As other courts have noted, however, the rule set forth in *Valdez* is not necessarily inconsistent with the Ninth Circuit's decision in *Sosa*. *See Corkill*, 2011 WL 5975678, at *9. Moreover, several California Courts of Appeal appear to have implicitly disagreed with *Valdez* in the intervening twenty-five years since it was decided. *See, e.g.*, *Nazir v. United Airlines, Inc.*, 178 Cal. App. 4th 243, 266-67 (2009) (considering "analogous EEOC law" to decide FEHA exhaustion issue); *Holland v. Union Pac. R. Co.*, 154 Cal. App. 4th 940, 947 (2007) (considering question of FEHA administrative exhaustion and finding that "[e]xcept where specific provisions of California statutory law are to the contrary, the decisions of federal courts involving the federal antidiscrimination statutes have persuasive value.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. SACV 16-993-JLS (DFMx)            Date: August 18, 2016
Title: Tenecia Hastie v. Home Depot U.S.A., Inc. et al.

       Based on the evidence submitted by the parties, the Court finds that at least three of these exceptions are plausibly applicable to Hastie's claims against Mousseau. In relevant part, Hastie's harassment claim against Mousseau alleges that he participated in a "concerted, frequent, and repeated pattern of harassing conduct" which included "punishing [Hastie] for absences and tardiness caused by her disability," "ignoring and refusing to grant [Hastie's] accommodation requests," and "refusing to promote her or place [her] [sic] in her Department Head classes as promised[.]" (Complaint ¶ 94.) These allegations of harassment are coextensive with many of the allegations raised by Hastie in her in-take interview with the DFEH. (*See generally* Terry Decl., Ex. B, "DFEH Casefile Notes," at 6, Doc. 11-1.) For example, the Casefile Notes reflect that Hastie expressly raised Mousseau's involvement in denying her requests for reasonable accommodations, in penalizing her for missing work, and in deciding not to consider her for promotional opportunities. (*Id.*)

       In light of these facts, it appears Hastie's claim against Mousseau is potentially viable because "charges can be brought against persons not named in an [administrative complaint] as long as [the unnamed party] was involved in the actions giving rise to the . . . claims." *Sosa*, 920 F.3d at 1458-59. In the alternative, Hastie's claim may also be viable on grounds that "the EEOC . . . 'should have anticipated' that the claimant would name [Mousseau] in [the instant lawsuit.]" *Id.*[3] Finally, it is plausible that "the [DFEH] could have inferred that the unnamed party [namely, Mousseau,] violated Title VII." *Id.* at 1459. Any one of these equitable exceptions, if proven, would allow Hastie's claim

---

[3] Defendants' argument that the so-called "anticipation exception" cannot apply in the instant case is incorrect. Defendants support their argument by quoting *Sosa* for the proposition that this exception applies only "if the unnamed party had notice of the [administrative agency's] conciliation efforts *and* participated in the [administrative] proceedings." (Mot. at 11 (quoting *Sosa*, 920 F.3d at 1459).) However, this passage in *Sosa* relates to an entirely different exception. This point is made clear by a careful reading of *Sosa*, wherein the Ninth Circuit – *after* setting forth the "anticipation exception" – then proceeds to introduce "[t]hree other well-established 'exceptions,'" including the exception relied upon by Defendants. As a result, Defendants' arguments (Opp. at 11-12) concerning whether Mousseau participated in the DFEH investigation are, at this stage, immaterial.

JS-6

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 16-993-JLS (DFMx)　　　　　　　　　　　　Date: August 18, 2016
Title: Tenecia Hastie v. Home Depot U.S.A., Inc. et al.

against Mousseau to move forward, notwithstanding her failure to name Mousseau in the DFEH complaint until April of 2016.[4]

At this stage in the proceeding, the Court need not determine whether, in fact, Hastie is able to establish the applicability of these exceptions. As discussed, "the party invoking federal court jurisdiction" – in this case, Defendants – "bears a 'heavy burden.'" *See Weeping Hollow Ave. Trust v. Spencer*, -- F.3d --, 2016 WL 4088749, at *3 (9th Cir. Aug. 2, 2016). And, a non-diverse plaintiff is a sham defendant only if, "after all disputed questions of fact and all ambiguities in the controlling state law are resolved in plaintiff's favor, the plaintiff could not *possibly* recover against the party whose joinder is questioned." *Cervantes*, 2015 WL 2127215, at *3 (emphasis in original) (citing *Mireles v. Wells Fargo Bank, N.A.*, 845 F. Supp. 2d 1034, 1062 (C.D. Cal. 2012)). Here, Defendants have not carried their burden. Accordingly, in light of the potential applicability of several different equitable exceptions, the Court cannot conclude that "plaintiff fail[ed] to state a cause of action against [Mousseau]," let alone that such a "failure is obvious according to the settled rules of the state." *Ritchey*, 139 F.3d at 1318.[5]

**IV.　CONCLUSION**

For the reasons stated above, the Court GRANTS Hastie's Motion. This case (Case No. 30-2016-00847886-CU-WT-CJC) is REMANDED to Orange County Superior Court. All other scheduled dates are VACATED.

　　　　　　　　　　　　　　　　　　　　　　　　　　　　Initials of Preparer: tg

---

[4] Because the Court decides this Motion upon the issue of equitable exceptions to FEHA's exhaustion requirement, it need not reach Hastie's remaining arguments concerning relation back and public policy considerations.

[5] For many of the same reasons, the Court also rejects Defendants' argument that Hastie's "failure to receive a right to sue letter from the DFEH as to Mousseau . . . bars her lawsuit." (Opp. at 14.) This argument was foreclosed by the Ninth Circuit's decision in *Sosa*, wherein, in relevant part, the court permitted plaintiff's claims against six defendants despite the fact that the EEOC issued only a single right-to-sue letter and that the letter did not name or otherwise relate to any of these defendants. *Sosa*, 920 F.2d at 1454, 1459.